## GOULD vs. BRIDGERS.

APPEAL from the court of the third district.

An attorney cannot become a legal witness in the cause, by striking off his name from the record.

If judgment be claimed for $673 35, it may be given therefor, although the verdict be for 673 75.

MARTIN, J. delivered the opinion of the court. The plaintiff claims a sum of $323 85, on a balance acknowledged by the defendant on a settlement of account, due for work and labor done, and $350, which the latter promised to pay the former for Wm. Waugh.

The defendant pleaded the general issue, and payment to the first claim; denied her promise to pay Waugh's debt; that she received

from the plaintiff a note of Burrell & co. a firm
of which Waugh was a partner, promising that if Waugh would allow it in payment of
what she owed him, she would then pay the plaintiff the amount of the note, $350; that Waugh refused to allow its amount in compensation, and she paid him, and afterwards rendered the note back to the plaintiff, who refused to receive it.

There was a verdict for $673 75, and judgment for $673 35, and the plaintiff and the defendant appealed.

At the trial the settlement of accounts alluded to in the petition was produced, and proved, as well as the instrument by which the defendant promised to pay $350 to the plaintiff for Waugh, as alleged in the petition.

The defendant's counsel offered Harralson, the subscribing witness to prove, that, at the time she signed the last instrument, there was a parol agreement made, between her and the plaintiff, that if Waugh refused to take up Burrell & co's. note, the plaintiff would take it back, and release the defendant of her responsibility for it. The plaintiff's counsel objected to the witness being sworn, and the objection being sanctioned, the defendant's counsel took a bill of exceptions.

East'n. District.
*June* 1825.

GOULD
*vs.*
BRIDGERS.

Her counsel in this court insists that the district judge erred.

1. In refusing Harralson's testimony, and

2. In giving judgment for $673 35, on a verdict for $673 75—Lastly that the verdict and judgment are contrary to law and evidence.

I. The court refused correctly parol evidence of what was said, at the time a written agreement was entered into. *Civil Code*, 306, *art.* 224.

II. The claim was for two sums, which together made $673 75, and it was likely through a clerical error that the verdict was entered for forty cents more. The judgment could not be for more than was claimed, and the court was right in reducing it to the sum in the petition.

III. The defendant did claim a new trial on the ground of the verdict being contrary to law or evidence.

The statement of facts shews that two instruments of writing, annexed to the petition, and which were the grounds of evidence of his two claims, were duly proven, as executed by the defendant.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

*Preston* for the plaintiff, *M·Caleb* for the defendant.